UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JASON COSTA, PHILIP LABONTE, and
MICHAEL MARTIN, collectively professionally known
as "All That Remains",

                              Plaintiffs,

               -against-

ELIZABETH HERBERT, individually and as Executrix of
THE ESTATE OF OLIVER S. HERBERT,

                             Defendants,

               -and-

CONCORD MUSIC GROUP, INC.,

                           Nominal Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No: 3:23-cv-00024-AWT

**PLAINTIFFS' REPLY TO HERBERT'S COUNTERCLAIMS**

## REPLY TO COUNTERCLAIM DEMAND FOR ACCOUNTING

      Plaintiffs-Counterclaim Defendants Jason Costa, Phillip Labonte, and Michael Martin, collectively professionally known as "All That Remains" (collectively hereinafter "Plaintiffs" or the "Band"), by and through their attorneys, Reitler Kailas & Rosenblatt LLP and Tobin, Carberry, O'Malley, Riley & Selinger, P.C., as and for their Reply to the Counterclaim Demand for Accounting of Defendants-Counterclaim Plaintiffs Elizabeth Herbert, individually and as Executrix of the Estate of Oliver S. Herbert ("Herbert") dated June 27, 2023 (the "Accounting Counterclaim"), respond as follows:

### AS TO NATURE OF THE ACTION

      1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Accounting Counterclaim, except admit that Oliver S.

Herbert was the guitarist for the Band and that Herbert purports to bring a counterclaim against Plaintiffs for an accounting.

## AS TO THE PARTIES

2. Admit the allegations contained in paragraph 2 of the Accounting Counterclaim.

3. Admit the allegations contained in paragraph 3 of the Accounting Counterclaim.

4. Admit the allegations contained in paragraph 4 of the Accounting Counterclaim.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Accounting Counterclaim.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Accounting Counterclaim.

7. Admit the allegations contained in paragraph 7 of the Accounting Counterclaim.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Accounting Counterclaim.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Accounting Counterclaim.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Accounting Counterclaim.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Accounting Counterclaim.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Accounting Counterclaim.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Accounting Counterclaim.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Accounting Counterclaim.

## AS TO JURISDICTION AND VENUE

15. Paragraph 15 of the Accounting Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, Plaintiffs deny.

16. Paragraph 16 of the Accounting Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, Plaintiffs deny.

17. Paragraph 17 of the Accounting Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, Plaintiffs deny.

## AS TO FACTS

18. Deny the allegations contained in paragraph 18 of the Accounting Counterclaim.

19. Admit the allegation contained in paragraph 19 of the Accounting Counterclaim.

20. Admit the allegations contained in paragraph 20 of the Accounting Counterclaim.

21. Admit the allegations contained in paragraph 21 of the Accounting Counterclaim.

22. Admit the allegations contained in paragraph 22 of the Accounting Counterclaim.

23. Admit the allegations contained in paragraph 23 of the Accounting Counterclaim.

24. Admit the allegations contained in paragraph 24 of the Accounting Counterclaim.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Accounting Counterclaim.

26. Deny the allegations contained in paragraph 26 of the Accounting Counterclaim, except admit that the Band performed one tour in Europe subsequent to the death of Oli Herbert.

27. Deny the allegations contained in paragraph 27 of the Accounting Counterclaim, except admit that the Band performed one tour in Europe subsequent to the death of Oli Herbert and that merchandise was sold at such shows.

28. Deny the allegations contained in paragraph 28 of the Accounting Counterclaim, except admit that the album entitled "The Fall of Ideals" was reissued following Oli Herbert's death.

29. Deny the allegations contained in paragraph 29 of the Accounting Counterclaim, except admit that the Band has derived and/or continues to derive economic benefit from the reissuance of the album entitled "The Fall of Ideals."

30. Deny the allegations contained in paragraph 30 of the Accounting Counterclaim, except admit that the Band has posted videos on YouTube and/or VEVO embodying the Band's musical compositions and recordings.

31. Deny the allegations contained in paragraph 31 of the Accounting Counterclaim, except admit that the Band has derived economic benefit from the posting of videos on YouTube and/or VEVO embodying the Band's musical compositions and recordings.

32. Deny the allegations contained in paragraph 32 of the Accounting Counterclaim.

33. Paragraph 33 of the Accounting Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Defendant is the sole heir to the Estate of Oli Herbert, and otherwise deny the allegations contained in paragraph 33 of the Accounting Counterclaim.

34. Paragraph 34 of the Accounting Counterclaim contains legal conclusions to which no response is required; to the extent a response is required, Plaintiffs deny knowledge or

information sufficient to form a belief as to the truth of the allegations concerning whether Defendant is the sole heir to the Estate of Oli Herbert, and otherwise deny the allegations contained in paragraph 34 of the Accounting Counterclaim.

35. Deny the allegations contained in paragraph 35 of the Accounting Counterclaim.

36. Paragraph 36 of the Accounting Counterclaim contains no factual allegations to which a response is required; to the extent a response is required, Plaintiffs admit that Defendant has asserted a claim for an accounting, but deny that Defendant is entitled to any relief.

37. Deny the allegations contained in paragraph 37 of the Accounting Counterclaim.

### AS TO CLAIM FOR RELIEF

38. Plaintiffs repeat and reallege their responses to each of the allegations contained in paragraphs 1 through 37 above as if fully set forth herein at length.

39. Paragraph 39 of the Accounting Counterclaim contains no factual allegations to which a response is required; to the extent a response is required, Plaintiffs admit that Defendant is demanding an accounting from Plaintiffs.

### REPLY TO COUNTERCLAIM FOR UNJUST ENRICHMENT

Plaintiffs-Counterclaim Defendants Jason Costa, Phillip Labonte, and Michael Martin, collectively professionally known as "All That Remains" (collectively hereinafter "Plaintiffs" or the "Band"), by and through their attorneys, Reitler Kailas & Rosenblatt LLP and Tobin, Carberry, O'Malley, Riley & Selinger, P.C., as and for their Reply to the Counterclaim for Unjust Enrichment of Defendants-Counterclaim Plaintiffs Elizabeth Herbert, individually and as Executrix of the Estate of Oliver S. Herbert ("Herbert") dated June 27, 2023 (the "Unjust Enrichment Counterclaim" and collectively with the Accounting Counterclaim, the "Counterclaims"), respond as follows:

## AS TO NATURE OF THE ACTION

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Unjust Enrichment Counterclaim, except admit that Oliver S. Herbert was the guitarist for the Band and that Herbert purports to bring a counterclaim against Plaintiffs for unjust enrichment.

## AS TO THE PARTIES

2. As and for their response to paragraphs 2 through 14 of the Unjust Enrichment Counterclaim, Plaintiffs repeat and reallege their responses to each of the allegations contained in paragraphs 2 through 14 of the Accounting Counterclaim above as if fully set forth herein at length.

## AS TO JURISDICTION AND VENUE

3. As and for their response to paragraphs 15 through 17 of the Unjust Enrichment Counterclaim, Plaintiffs repeat and reallege their responses to each of the allegations contained in paragraphs 15 through 17 of the Accounting Counterclaim above as if fully set forth herein at length.

## AS TO FACTS

4. As and for their response to paragraphs 18 through 37 of the Unjust Enrichment Counterclaim, Plaintiffs repeat and reallege their responses to each of the allegations contained in paragraphs 18 through 37 of the Accounting Counterclaim above as if fully set forth herein at length.

## AS TO CLAIM FOR RELIEF

5. As and for their response to paragraph 38 of the Unjust Enrichment Counterclaim, Plaintiffs repeat and reallege their responses to each of the allegations contained in paragraphs 1

through 37 of the Accounting Counterclaim and paragraphs 1 through 37 of the Unjust Enrichment Counterclaim above as if fully set forth herein at length.

6. Deny the allegations contained in paragraph 39 of the Unjust Enrichment Counterclaim.

7. Deny the allegations contained in paragraph 40 of the Unjust Enrichment Counterclaim.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Herbert's Counterclaims fail to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Herbert's Counterclaims are barred, in whole or in part, by reason of Herbert's unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Herbert's Counterclaims are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, and/or estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Herbert's Counterclaim are barred, in whole or in part, by documentary evidence.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Herbert's Counterclaims are barred, in whole or in part, by reason of Plaintiffs' prior accountings and payments to Herbert.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. Rule 38(b), Plaintiffs demand a trial by jury on all issues properly triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment against Herbert (i) dismissing the Counterclaims with prejudice; (ii) granting Plaintiffs judgment for the relief sought in the Complaint; (iii) awarding Plaintiffs their costs, disbursements, and attorneys' fees incurred in this action, and (iv) granting such other and further relief as the Court deems just, proper and equitable.

Dated: July 18, 2023

                           TOBIN, CARBERRY, O'MALLEY, RILEY & SELINGER, P.C.
Thomas J. Riley
43 Broad Street, P.O. Box 58
London, Connecticut 06320
Tel: 860-447-0335
TJRiley@tcors.com

-and-

REITLER KAILAS & ROSENBLATT LLP

By: /s/ Julie B. Wlodinguer

Brian D. Caplan (admitted *pro hac vice*)
Julie B. Wlodinguer (admitted *pro hac vice*)
885 Third Avenue, 20th Floor
New York, New York 10022
Tel: 212-209-3050
bcaplan@reitlerlaw.com
jwlodinguer@reitlerlaw.com

*Attorneys for Plaintiffs*